# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE PONCE DEGRACIA,<br><br>                      Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                      Respondent. | CASE NO. 07-CV-2099 W<br>94-CR-0371 W<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY (Doc. No. 51.)** |

On October 31, 2007, Petitioner Laurence Ponce DeGracia ("Petitioner"), a federal prisoner proceeding *pro se*, commenced these 28 U.S.C. §2255 habeas proceedings. (Doc. No. 34.) On July 31, 2008, the Court denied Petitioner's habeas petition. (Doc. No. 48.) Petitioner now requests a Certificate of Appealability ("COA"). (Doc. No. 51.) For the reasons discussed below, the Court **DENIES** Petitioner's COA request.

## I. BACKGROUND

Petitioner was arrested in September 2005 on three outstanding criminal indictments. The first indictment occurred in 1990, when Petitioner was charged with drug offenses in Criminal Case No. 91-CR-0977W. After Petitioner "tendered" a guilty plea, he failed to appear at a subsequent hearing. Accordingly, Petitioner was indicted in this case for bail jumping.

In 2005, Petitioner was arrested and indicted for drug trafficking and money

laundering in Criminal Case No. 05-CR-1628IEG. Eventually, Petitioner entered guilty pleas in each of the three cases.

On October 31, 2007, Petitioner commenced these habeas proceedings pursuant to 28 U.S.C. §2255. On November 15, 2007, Petitioner filed an amended petition. On December 3, 2007, the Court issued a scheduling order.[1] On February 29, 2008, Respondent filed an opposition. (Doc. No. 42.) Petitioner never filed a response, and on July 31, 2008, the Court denied Petitioner's habeas request. (Doc. No. 48.) On August 27, 2008, Petitioner filed the current application for a certificate of appealability (Doc. No 51.).

## II.  LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a section 2255 habeas petition unless he obtains a COA from a district or circuit judge. 28 U.S.C. § 2253 (c)(1)(B); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue COAs under the AEDPA).

In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. Id. at 1270. A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court has elaborated on the meaning of this requirement:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253(c) is straightforward: *The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.*

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis supplied).

---

[1] Under the original scheduling order, Respondent's opposition was due February 29, 2008, and Petitioner's traverse was due on April 15, 2008. (Doc. No. 41.) Petitioner later filed a request to continue the deadline for filing his traverse. The Court granted the motion and continued the deadline to June 27, 2008.

### III. DISCUSSION

Upon reviewing Petitioner's two-paragraph long application, the Court finds that Petitioner has not made the requisite showing required by section 2253(c). In the application, Petitioner fails to argue that reasonable jurists would find the Court's assessment of Petitioner's constitutional claims debatable or wrong. Instead, Petitioner merely identifies two grounds he intends to pursue on appeal: (1) ineffective assistance of counsel, and (2) deprivation of his constitutional right to due process. As such, Petitioner has not met the burden required by section 2253(c) and his application must be **DENIED**.

Irrespective of Petitioner's failure to meet his burden under section 2253(c), the Court finds that it properly held in its July 31, 2008 Order that Petitioner's habeas claim was without merit, and that no reasonable jurist would find the issues debatable.

First, Petitioner's ineffective assistance of counsel claim is without merit. To prevail on an ineffective assistance of counsel claim, Petitioner must prove that his defense was prejudiced by his attorney's deficient performance. Strickland v. Washington, 266 U.S. 667, 687 (1984). Petitioner bears the burden of establishing both elements: his attorney's deficient performance, and prejudice. U.S. v. Quinter-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).

Petitioner alleges his attorney's performance was deficient because the attorney (1) failed to advise Petitioner of the length of the possible sentence, (2) failed to assist Petitioner in understanding the case, (3) refused to go to trial, and (4) coerced Petitioner into pleading guilty. As explained in the July 31, 2008 Order, Petitioner's claims are contradicted by the transcript of Petitioner's January 3, 2007 disposition hearing. Further, because Petitioner did not file a response to Respondent's opposition in the habeas proceeding, Petitioner did not establish either element of an ineffective assistance of counsel claim. Accordingly, no reasonable jurist would find the Court's assessment of the issue of ineffective counsel wrong or even debatable.

Petitioner's remaining claim also lacks merit. Specifically, Petitioner claims that the Court lacked knowledge of the available range of sentencing discretion under

1 applicable law, and he was therefore deprived of his due process rights. In his habeas
2 petition, however, Petitioner argued only that there was disparity between his sentence
3 and that of the co-defendants.[2] Because Petitioner failed to raise this due process
4 argument in his habeas petition, he has waived it.[3] See United States v. Flores-Payon,
5 942 F.2d 556, 558 (9th Cir.1991) (citing United States v. Whitten, 706 F.2d 1000, 1012
6 (9th Cir.1983)). Accordingly, the Court reaffirms its denial of Petitioner's previous
7 habeas corpus petition and finds that no reasonable jurists would find the Order's
8 conclusions debatable or wrong.

## IV. CONCLUSION

Petitioner did not meet his burden under section 2253(c). Moreover, Petitioner's habeas petition did not raise any novel questions of law which were close calls or issues on which reasonable jurists could disagree. Accordingly, the Court **DENIES** Petitioner's request for a certificate of appealability. (Doc. No. 51.)

**IT IS SO ORDERED**.

DATED: October 15, 2008

_____
Hon. Thomas J. Whelan
United States District Judge

---

[2] In raising these sentencing and due process claims, it appears that Petitioner intended to challenge his sentence in Criminal Case Nos. 05-CR-1628, in which he was sentenced to 168 months under 21 U.S.C. §§841, 846. In this case, Petitioner was charged under 18 U.S.C. §3146 (bail jumping) and sentenced to 24 months (six months to run concurrent with 05-CR-1628-IEG and 90-CR-977-W, and 18 months to run consecutive to 05-CR-1628-IEG and 90-CR977-W). Further, as the Court noted in its July 31, 2008 Order, there were no co-defendants in this case. Petitioner was the only one charged with bail-jumping.

[3] Nor has petitioner argued that his claims fit one of the three narrow exceptions to this pleading requirement. He has not illustrated that 1) there exist exceptional circumstances as to why the issue was not raised at the trial court, 2) the new issue arose while the appeal was pending because of a change in the law, or 3) the issue presented was purely one of law and the opposing party would suffer no prejudice as a result of the failure to raise the issue. Flores-Payon, 942 F.2d at 558 (citing United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990)).